The Honorable Robert S. Lasnik

1

2

3

4

5

6   UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
7   AT SEATTLE

8   AMAZON.COM, INC., a Delaware
corporation, AMAZON TECHNOLOGIES,
9   INC., a Nevada corporation; and AMAZON
SERVICES, LLC, a Nevada limited liability
10  company,

11                    Plaintiffs,

12            v.

13
FBA STORES, LLC, a limited liability
14  company; FBA DISTRIBUTORS, LLC, a
limited liability company; FBA
15  ADVANTAGE, LLC, a limited liability
company; AWS, LLC, a limited liability
16  company; ONLINE AUCTION LEARNING
CENTER, INC., a corporation;
17  CHRISTOPHER BOWSER, an individual;
ADAM BOWSER, an individual; and DOE
18  Companies 1 – 20,
19
                    Defendants.
20

21

CASE NO. 2:17-cv-01830-RSL

STIPULATED PROTECTIVE
ORDER

22  1.   PURPOSES AND LIMITATIONS

23        Discovery in this action is likely to involve production of confidential, proprietary, or

24  private information for which special protection may be warranted. Accordingly, the parties

25  hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The

26  parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax:   (206) 676-7001

1   protection on all disclosures or responses to discovery, the protection it affords from public

2   disclosure and use extends only to the limited information or items that are entitled to confidential

3   treatment under the applicable legal principles, and it does not presumptively entitle parties to file

4   confidential information under seal.

5   2.   "CONFIDENTIAL" AND "ATTORNEYS EYES ONLY" MATERIAL

6         2.1   CONFIDENTIAL MATERIAL

7         "Confidential Material" shall include documents and tangible things produced or otherwise

8   exchanged that contain confidential or proprietary information of a Party or a Third Party to whom

9   the Party reasonably believes it owes an obligation of confidentiality with respect to such

10  document. Examples of Confidential Material include:

11        • Customer-identifying information or other confidential personal information, such

12          as social security numbers, home addresses, or telephone numbers;

13        • Business and marketing plans;

14        • Personnel files;

15        • Personal information that is protected by law;

16        • Non-public financial information, such as non-public financial statements;

17        • Non-public pricing information;

18        • Trade secrets;

19        • Other confidential and proprietary information not publicly known.

20        2.2   ATTORNEY'S EYES ONLY MATERIAL

21        "Attorney's Eyes Only" or "AEO" material is Confidential Material that is especially

22  sensitive and requires greater protection. Attorney's Eyes Only Material shall include

23  Confidential Material that discloses information that the designating party has a good faith belief

24  is unknown to the opposing party, or any of the employees of a corporate party, and for which

25  disclosure to such party, such employees, or third parties, would create a substantial risk of harm

26  that could not be avoided by less restrictive means.

STIPULATED PROTECTIVE ORDER - 2
CASE NO. 2:17-cv-01830-RSL

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1    3.    <u>SCOPE</u>

2        The protections conferred by this agreement cover not only confidential material (as

3    defined above), but also (1) any information copied or extracted from confidential material; (2) all

4    copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

5    conversations, or presentations by parties or their counsel that might reveal confidential material.

6        However, the protections conferred by this agreement do not cover information that is in

7    the public domain or becomes part of the public domain through trial or otherwise.

8    4.    <u>ACCESS TO AND USE OF CONFIDENTIAL MATERIAL</u>

9        4.1    <u>Basic Principles</u>. A receiving party may use confidential material that is disclosed

10   or produced by another party or by a non-party in connection with this case only for prosecuting,

11   defending, or attempting to settle this litigation. Confidential material may be disclosed only to the

12   categories of persons and under the conditions described in this agreement. Confidential material

13   must be stored and maintained by a receiving party at a location and in a secure manner that

14   ensures that access is limited to the persons authorized under this agreement.

15       4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered

16   by the court or permitted in writing by the designating party, a receiving party may disclose any

17   material designated as "CONFIDENTIAL" only to:

18           (a)    the receiving party's counsel of record in this action, as well as employees

19   of counsel to whom it is reasonably necessary to disclose the information for this litigation;

20           (b)    the officers, directors, and employees (including in-house counsel)

21   (hereafter, "Party-Employees") of the receiving party to whom disclosure is reasonably necessary

22   for this litigation;

23           (c)    experts and consultants to whom disclosure is reasonably necessary for this

24   litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

25           (d)    the court, court personnel, and court reporters and their staff;

26

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1            (e)     copy or imaging services retained by counsel to assist in the duplication of

2 confidential material, provided that counsel for the party retaining the copy or imaging service

3 instructs the service not to disclose any confidential material to third parties and to immediately

4 return all originals and copies of any confidential material;

5            (f)     during their depositions, witnesses in the action to whom disclosure is

6 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

7 (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

8 transcribed deposition testimony or exhibits to depositions that reveal confidential material must

9 be separately bound by the court reporter and may not be disclosed to anyone except as permitted

10 under this agreement;

11            (g)     the author or recipient of a document containing the information or a

12 custodian or other person who otherwise possessed or knew the information.

13      4.3     Disclosure of "CONFIDENTIAL - AEO" Information or Items. Unless otherwise

14 ordered by the court or permitted in writing by the designating party, a receiving party may

15 disclose any material designated as "CONFIDENTIAL – AEO" only to those people identified

16 above in Sections 4.2(a), (c) – (g). However, if the receiving party believes that disclosure to a

17 Party-Employee (as defined in Section 4.2(b)) is reasonably necessary for purposes of this

18 litigation, it may challenge the AEO designation of any Confidential Information as follows:

19            (a)     The receiving party must first supply the designating party with an

20            "Acknowledgment and Agreement to Be Bound" (Exhibit A) signed by the relevant

21            Party-Employee, and

22            (b)     The receiving party may then disclose the AEO material at issue to such

23            Party-Employee unless the designating party moves for appropriate judicial relief

24            within five (5) business days of receiving the signed acknowledgement.

25      4.4     Filing Confidential Material. Before filing confidential material or discussing or

26 referencing such material in court filings, the filing party shall confer with the designating party to

STIPULATED PROTECTIVE ORDER - 4
CASE NO. 2:17-cv-01830-RSL

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  determine whether the designating party will remove the confidential designation, whether the
2  document can be redacted, or whether a motion to seal or stipulation and proposed order is
3  warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards
4  that will be applied when a party seeks permission from the court to file material under seal.

5  5.   DESIGNATING PROTECTED MATERIAL

6      5.1   Exercise of Restraint and Care in Designating Material for Protection. Each party
7  or non-party that designates information or items for protection under this agreement must take
8  care to limit any such designation to specific material that qualifies under the appropriate
9  standards. The designating party must designate for protection only those parts of material,
10 documents, items, or oral or written communications that qualify, so that other portions of the
11 material, documents, items, or communications for which protection is not warranted are not
12 swept unjustifiably within the ambit of this agreement.

13     Mass, indiscriminate, or routinized designations are prohibited. Designations that are
14 shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to
15 unnecessarily encumber or delay the case development process or to impose unnecessary expenses
16 and burdens on other parties) expose the designating party to sanctions.

17     If it comes to a designating party's attention that information or items that it designated for
18 protection do not qualify for protection, the designating party must promptly notify all other
19 parties that it is withdrawing the mistaken designation.

20     5.2   Manner and Timing of Designations. Except as otherwise provided in this
21 agreement (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or
22 ordered, disclosure or discovery material that qualifies for protection under this agreement must be
23 clearly so designated before or when the material is disclosed or produced.

24        (a)   Information in documentary form: (*e.g.*, paper or electronic documents and
25 deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),
26 the designating party must affix the word "CONFIDENTIAL" to each page that contains

STIPULATED PROTECTIVE ORDER - 5
CASE NO. 2:17-cv-01830-RSL

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1   confidential material. If only a portion or portions of the material on a page qualifies for
2   protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making
3   appropriate markings in the margins).

4   (b)   Testimony given in deposition or in other pretrial proceedings: the parties
5   and any participating non-parties must identify on the record, during the deposition or other
6   pretrial proceeding, all protected testimony, without prejudice to their right to so designate other
7   testimony after reviewing the transcript. Any party or non-party may, within fifteen days after
8   receiving the transcript of the deposition or other pretrial proceeding, designate portions of the
9   transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect
10  confidential information at trial, the issue should be addressed during the pre-trial conference.

11  (c)   Other tangible items: the producing party must affix in a prominent place on
12  the exterior of the container or containers in which the information or item is stored the word
13  "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,
14  the producing party, to the extent practicable, shall identify the protected portion(s).

15  5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to
16  designate qualified information or items does not, standing alone, waive the designating party's
17  right to secure protection under this agreement for such material. Upon timely correction of a
18  designation, the receiving party must make reasonable efforts to ensure that the material is treated
19  in accordance with the provisions of this agreement.

20  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

21  6.1   Timing of Challenges. Any party or non-party may challenge a designation of
22  confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality
23  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic
24  burdens, or a significant disruption or delay of the litigation, a party does not waive its right to
25  challenge a confidentiality designation by electing not to mount a challenge promptly after the
26  original designation is disclosed.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

6.2   Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3   Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)   promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

STIPULATED PROTECTIVE ORDER - 7
CASE NO. 2:17-cv-01830-RSL

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

8.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.   NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1

2          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3

4    DATED: March 6, 2018                    By *s/ Philip S. McCune*
                                             By *s/ Christopher T. Wion*
5                                               Philip S. McCune, WSBA #21081
                                                Christopher T. Wion, WSBA #33207
6                                               315 Fifth Avenue S., Suite 1000
                                                Seattle, WA  98104
7                                               (206) 676-7000
                                                *philm@summitlaw.com*
8                                               *chrisw@summitlaw.com*

9                                            **Attorneys for Plaintiffs**

10   DATED: March 6, 2018                    By *s/ Bradley S. Keller*
                                             By *s/ Keith D. Petrak*
11                                              Bradley S. Keller
                                                Keith D. Petrak
12                                              Byrnes Keller Cromwell LLP
                                                1000 Second Avenue, 38th Floor
13                                              Seattle, WA  98104
                                                *bkeller@byrneskeller.com*
14                                              *kpetrak@byrneskeller.com*

15                                           **Attorneys for Defendants**

16

17   DATED: March 6, 2018                    By *s/ Charles J. Rogers*
                                                Charles J. Rogers
18                                              Conley Rose, P.C.
                                                575 N. Dairy Ashford Road, Suite 1102
19                                              Houston, TX  77079
                                                *crogers@conleyrose.com*

20                                           **Attorneys for Defendants**

21   DATED: March 6, 2018                    By *s/ Darlene F. Ghavimi*
                                                Darlene F. Ghavimi
22                                              Conley Rose, P.C.
                                                13413 Galleria Circle, Suite 100
23                                              Austin, TX  78738
                                                *dghavimi@conleyrose.com*

24                                           **Attorneys for Defendants**

25   / /

26

STIPULATED PROTECTIVE ORDER - 9                        SUMMIT LAW GROUP PLLC
CASE NO. 2:17-cv-01830-RSL                              315 FIFTH AVENUE SOUTH, SUITE 1000
                                                        SEATTLE, WASHINGTON 98104-2682
                                                        Telephone: (206) 676-7000
                                                        Fax:  (206) 676-7001

1     PURSUANT TO STIPULATION, IT IS SO ORDERED

2     IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3 documents in this proceeding shall not, for the purposes of this proceeding or any other

4 proceeding in any other court, constitute a waiver by the producing party of any privilege

5 applicable to those documents, including the attorney-client privilege, attorney work-product

6 protection, or any other privilege or protection recognized by law.

7

8 DATED: __March 7, 2018__

9

10                  _____

                     THE HONORABLE ROBERT S. LASNIK

11                    UNITED STATES DISTRICT COURT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1

## EXHIBIT A

2

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3      I, _____ [print   or   type   full   name],   of

4    _____ [print or type full address], declare under penalty of

5    perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6    issued by the United States District Court for the Western District of Washington on [date] in the

7    case of *Amazon.com, Inc. et al. v. FBA Stores, LLC, et al*, United States District Court for the

8    Western District of Washington, Case No. 2:17-cv-01830-RSL. I agree to comply with and to be

9    bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

10    failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

11    solemnly promise that I will not disclose in any manner any information or item that is subject to

12    this Stipulated Protective Order to any person or entity except in strict compliance with the

13    provisions of this Order.

14      I further agree to submit to the jurisdiction of the United States District Court for the

15    Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

16    Order, even if such enforcement proceedings occur after termination of this action.

17    Date: _____

18    City and State where sworn and signed: _____

19    Printed name: _____

20    Signature: _____

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER - 11
CASE NO. 2:17-cv-01830-RSL

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001